IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DION BECKER,

    Plaintiff,

v.                                            No. CV 14-0379 MV/CEG

STATE OF NEW MEXICO
PUBLIC DEFENDERS OFFICE
ALBUQUERQUE DISTRICT OFFICE,
JASMINE SULLIVAN,[1]
MOLLY KICKLIGHTER,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The complaint invokes 42 U.S.C. § 1983 as its jurisdictional basis. Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). Also before the Court is Plaintiff's Motion to Amend (Doc. 4). For reasons set out below, the Court will dismiss the complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule

---

[1] In Plaintiff's Motion to Amend (Doc. 4), he states that Defendant Sullivan's last name is actually Solomon. The docket will be corrected accordingly.

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint, Plaintiff asserts claims against the public defenders who represented him in a state criminal proceeding. In sum, Plaintiff alleges that Defendant Kicklighter failed to inform him of the status of his case or to conduct his defense according to his requests and instructions. Defendant Kicklighter allegedly concealed exculpatory evidence and intercepted a number of letters that he wrote about his case. Defendant Solomon knew of Defendant Kicklighter's actions and allowed them to continue. Defendants' actions allegedly violated numerous provisions of the attorneys' code of professional conduct. Their conduct was detrimental to Plaintiff in the state court criminal proceeding and violated his Sixth Amendment right to a fair trial, as well as other constitutional and state law protections and certain criminal statutes. These violations caused him various physical symptoms and led to denial of medical treatment while in custody. He has suffered anxiety, depression, aggravation of prior injuries, and loss of finances, benefits, and housing. The complaint seeks damages and equitable relief. The Court notes that Plaintiff subsequently made similar allegations in a complaint against a contract defender who was appointed as substitute counsel for the individual Defendants named here. *See Becker v. Kerr, et al.*, No. CV 14-0724 RB/SMV (Docs. 1, 4). The Court dismissed

Plaintiff's complaint in cause No. CV 14-0724 RB/SMV.

No relief is available on Plaintiff's federal claims against Defendant New Mexico Public Defenders Office. Plaintiff's complaint against this entity is an action against a "state . . . agency pursuant to § 1983; [the agency is not a] 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against Defendant New Mexico Public Defenders Office.

Nor do Plaintiff's allegations support a § 1983 claim for relief against the individual public defenders. A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). Case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). Plaintiff's § 1983 claims against Defendants Solomon and Kicklighter will be dismissed.

Alternatively, Plaintiff also alleges that Defendants conspired between themselves and with others to violate his rights. A court must proceed with caution when considering the pre-trial

dismissal of conspiracy allegations in civil rights proceedings because of the difficult nature of the proof involved.  *See Fisher v. Shamburg*, 624 F.2d 156, 162 (10th Cir. 1980).  At the same time, however, "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  "[B]aseless assertions that his defense attorney conspired with court personnel and prosecutors to deprive him of his constitutional rights. . . .  do not pass muster under [*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)]." *Dunn v. Harper County*, 520 F. App'x 723, 726 (10th Cir. 2013).  Plaintiff's allegations fail to show sufficient "agreement and concerted action," *Sooner Products*, 708 F.2d at 512, to support a § 1983 conspiracy claim.

Plaintiff also asserts that Defendants' conspiracy to commit the alleged violations of Plaintiff's rights amounted to a pattern of racketeering activity, in violation of federal and state R.I.C.O. Acts.  The asserted racketeering activity consisted of Kicklighter's "deny[ing Plaintiff's] rights with the approval of her superiors, enabl[ing] her to be kept on a payroll to defend at her leisure." (Compl. at 7.)  First, "[Plaintiff] does not have standing to assert a claim for civil damages under [R.I.C.O.] because he fails to allege any 'injur[y] in his business or property' that was proximately caused by the alleged RICO violation. . . .  An allegation of personal injury and pecuniary losses occurring therefrom are not sufficient to meet the statutory requirement of injury to 'business or property.' " *Bast v. Cohen, Dunn & Sinclair, PC*, 59 F.3d 492, 495 (4th Cir. 1995) (citations omitted).  As the Court of Appeals for the Tenth Circuit has stated, "injury to his reputation, dignity and emotional damages are not the type of injuries redressable by the antitrust laws or RICO which are expressly limited to injuries to 'business or property.' " *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006).

And second, even if Plaintiff did have standing to pursue a R.I.C.O. claim, his allegations of an attorney's improper representation of a defendant in a state criminal proceeding do not support such a claim. "In *Baumer*[ *v. Pachl,* 8 F.3d 1341, 1344 (9th Cir. 1993),] the Ninth Circuit made it clear that an attorney does not operate or manage an enterprise if the attorney's actions are 'limited to providing legal services.' " *Walter v. Drayson*, 496 F. Supp. 2d 1162, 1170 (D. Haw. 2007). The Court will dismiss Plaintiff's conspiracy and R.I.C.O. claims.

Furthermore, even if Plaintiff could state a viable claim against an appropriate defendant for denial of his Sixth Amendment right to a fair trial, he could not bring the claim in a civil rights action unless he had already obtained relief from his conviction in a habeas corpus proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Glaser v. City and County of Denver, Colo.*, 557 F. App'x 689, 701 (10th Cir. 2014). The Complaint does not allege that Becker's conviction or sentence has been set aside, and thus his allegations of denial of his right to a fair trial fail to state claims cognizable under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001); *see also Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss Plaintiff's Sixth Amendment claim without prejudice.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law. In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise

supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue these claims in a state forum.  *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding with directions to dismiss state claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of the claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (Doc. 4) is GRANTED, and Defendant Sullivan's last name will be corrected on the docket to Solomon;

IT IS FURTHER ORDERED that Plaintiff's claim of violation of his Sixth Amendment right to a fair trial and his state law claims are DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE